IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MCCRAY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-1077 |
| | : | |
| DELAWARE COUNTY, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**MCHUGH, J.**                                                                                                            **MAY 20, 2024**

*Pro se* Plaintiff James McCray, currently a pre-trial detainee at the Philadelphia Industrial Correctional Center, filed this Complaint alleging claims related to criminal charges lodged against him in Delaware County in 2005. McCray seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant McCray leave to proceed *in forma pauperis* but dismiss his Complaint after screening.

**I.      FACTUAL ALLEGATIONS**[1]

Mr. McCray names the following Defendants in his Complaint: Delaware County, the "Delaware County Court,"[2] the Delaware County District Attorney's Office, Albert Anthony Amoroso, the Chester City Police Department, Officer Mark L. Morgan, Sr., and Spencer B.

---

[1] The facts set forth in this Memorandum are taken from McCray's Complaint (ECF No. 2) and public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Although McCray also mentions the "Delaware County Courthouse" in the body of his Complaint, the Court understands him to be referring to the Delaware County Court of Common Pleas since the Delaware County Courthouse is not a proper defendant in a § 1983 action. *See Elansari v. United States*, No. 15-01461, 2016 WL 4415012, at *5 n.9 (M.D. Pa. July 11, 2016).

Seaton, Jr.[3]  (Compl. at 1.)  Mr. McCray asserts that in 2005 he was "falsely accused of rape, and arrested and charged" in connection with that purportedly false accusation.[4]  (*Id.* at 2.)  He alleges that after his arrest, he remained incarcerated and "was not provided with a reasonable bail opportunity" until "the case was dismissed with prejudice on June 28, 2006."[5]  (*Id.*)  He lost his job, apartment, and car while he was incarcerated, then was hired to a new position after his release.  However, in April 2007, McCray's new employer conducted a background check and "discovered that this case was listed in his criminal history [as an] active open case[, a]nd he was immediately terminated."  (*Id.*)  McCray alleges that after his 2007 termination he was unable to secure work, which "took a toll on his mental health, and eventually he became diagnosed with schizophrenia," forcing him and his family to survive on Social Security benefits.  (*Id.* at 3.)

Mr. McCray states that he "attempted to contact numerous departments at the Delaware County Courthouse and was consistently given the run around[,] even at times blatantly hung up on," for "the next 16 years until January 3, 2024," when his wife contacted "a clerk in the filing department [who] was able to finally close it."  (*Id.* at 2.)  McCray claims this clerk told his wife that "for some reason the arresting officers and district attorneys put a reduction of bail motion in

---

[3]  The Court understands McCray to be referring to Assistant District Attorney Albert Anthony Amoroso and Magisterial District Judge Spencer B. Seaton, Jr., both of Delaware County.

[4]  The public record reflects that on January 19, 2005, McCray was arrested for various charges related to a sexual assault.  *See Commonwealth v. McCray*, CP-23-MD-0000367-2007 (C.P. Delaware).  The Court also notes that Defendant Officer Mark L. Morgan, Sr. is listed as the arresting officer in McCray's case.

[5]  The docket indicates that McCray was granted bail on June 28, 2006, but does not list any disposition of the charges.  *See McCray*, CP-23-MD-0000367-2007.

on this case which made the case appear to be open and active."[6] (*Id.*) McCray alleges that the "District Attorney and arresting officers had it in their minds set in stone that he was guilty even after the case was dismissed with prejudice so . . . they wait[ed] 8 months to submit a frivolous motion on a closed case." (*Id.* at 3.)

Based on these allegations, Mr. McCray asserts constitutional claims under § 1983, as well as state tort claims. For relief, he seeks $1 million in money damages, "disciplinary action against [D]efendants," and for the criminal case to "no longer show []as open and active." (*Id.* at 5.)

## II.   STANDARD OF REVIEW

The Court grants Mr. McCray leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[7] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to

---

[6] The only Petition for Reduction of Bail listed on the public docket was filed by McCray himself on February 7, 2007. *See McCray*, CP-23-MD-0000367-2007.

[7] However, as McCray is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Additionally, a court may dismiss a complaint based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Whitenight v. Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (*per curiam*) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required." (citations omitted)).  As McCray is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.    DISCUSSION

Mr. McCray brings claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  For the following reasons, McCray's claims must be dismissed.

The Court understands Mr. McCray to allege, pursuant to § 1983, that the Defendants' actions to make his purportedly closed criminal case appear open violated his Fourteenth Amendment right to due process.[8]  (*See* Compl. at 3–4.)  McCray also appears to assert state law

---

[8] Although McCray cites various other constitutional provisions, his claims arise—if at all—under the Fourteenth Amendment since he was a pretrial detainee during the relevant

claims of intentional infliction of emotional distress, abuse of process, and prosecutorial misconduct.  (*See id.*)

As noted, a complaint is subject to dismissal on statute of limitations grounds when the limitations defense is "apparent on the face of the complaint."  *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).  McCray's § 1983 claims are subject to a two-year statute of limitations.  *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (explaining that the statute of limitations for § 1983 claims is governed by the personal injury tort law of the state where the cause of action arose, and that Pennsylvania has a two-year statute of limitations for personal injury actions).  A claim accrues "when a plaintiff has a complete and present cause of action, that is, when he can file suit and obtain relief."  *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted).  In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which his action is based."  *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

In Pennsylvania, the discovery rule may operate to delay the running of the statute of limitations in certain circumstances.  *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("the discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct") (citing *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)).  "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause."  *Fine v. Checcio*, 870 A.2d 850, 859

---

period.  *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005) (holding that the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees).

5

(Pa. 2005). "The reasonable diligence standard is objective, as the question is not what the plaintiff actually knew of the injury or its cause, but what he might have known by exercising the diligence required by law." *Nicolaou*, 195 A.3d at 893 (citations omitted). However, "the objective reasonable diligence standard is 'sufficiently flexible . . . to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question.'" *Id.* (quoting *Fine*, 870 A.2d at 858).

Whether or not Pennsylvania's discovery rule applies in a given case is a question of fact. *Id.* at 894; *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011). As such, it is properly a question for the jury unless no reasonable juror could find otherwise. *Fine*, 870 A.2d at 858-59. As stated, "[a] complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski*, 857 F.3d at 157.

Mr. McCray's § 1983 claims about the failure to close his Delaware County criminal case accrued no later than April 2007, when he states that he learned that the criminal action remained open. Because he learned in April 2007 that the case remained open after he thought it had been dismissed, by definition he knew or should have known of his injuries stemming from the open case at that time.[9] *See Smith v. Delaware Cnty. Ct.*, 260 F. App' x 454, 455 (3d Cir. 2008) (*per curiam*) (applying Pennsylvania' s two-year limitations period to plaintiff's claim that he was denied due process after his arrest and noting that the statute of limitations begins to run from the time when the plaintiff knows or had reason to know of the injury forming the basis for the

---

[9] Furthermore, the public record indicates that the bail motion that allegedly caused the Delaware County case to remain open on the docket was filed by McCray himself, not by the Delaware County District Attorney or by any other named Defendant in this case. *See McCray*, CP-23-MD-0000367-2007.

federal civil rights action); *see also Hickox v. Cnty. of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (*per curiam*) ("Hickox's cause of action accrued on November 13, 2010, the date on which he alleges he was injured by the defendants' actions."). Moreover, no reasonable jury could find that Mr. McCray remained unaware of the open case after April 2007 so as to invoke the discovery rule under Pennsylvania law.

McCray did not file the Complaint in this case until March 12, 2024, nearly 17 years after he learned that the Delaware County criminal matter remained open. Accordingly, his claims based on the case remaining open are clearly time barred. Moreover, the facts as alleged do not support a reasonable basis for equitable tolling. *See Lloyd*, 857 F. App'x at 64 ("Equitable tolling is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted his claims, but in the wrong forum."). Although McCray avers that he was given "the run around" when he tried to contact officials about the issue, it remains the fact that he learned the criminal case was listed as open in April 2007, and he details no barriers he encountered during the years that the purported error remained uncorrected that prevented him from asserting his claims in a timely manner. Accordingly, McCray's § 1983 claims are time barred.[10]

---

[10] Even if the statute of limitations did not bar McCray's claims, they are not plausible. The Delaware County Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). As Pennsylvania has not waived its Eleventh Amendment immunity, claims against the Delaware County Courts are barred. The United States Court of Appeals for the Third Circuit has held that district attorney's offices in Pennsylvania are not entities subject to suit under § 1983. *See, e.g.*, *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) (holding that "the Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability"); *see also Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (*per curiam*) ("[T]he Monmouth County Prosecutor's Office is not a separate entity that can be sued under § 1983."). Individual prosecutors like Albert Anthony Amoroso are entitled to

Due to the dismissal of his federal claims, the Court will decline supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only conceivable basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Complete diversity is required, meaning that "every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006); *see also Lincoln Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015) (explaining that, unless there is some other basis for jurisdiction, "no plaintiff may be a citizen of the same state as any defendant" (cleaned up)). It is the plaintiff's burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140,

---

absolute immunity from liability under § 1983 for acts that, like prosecuting McCray here, are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Judge Spencer Seaton is entitled to absolute immunity from civil rights claims that are based on acts or omissions that, like here, are taken in his judicial capacity, so long as there is no complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*).

The Chester City Police Department is not a "person" subject to liability under § 1983. *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983). Defendant Officer Mark L. Morgan, Sr., while listed as the arresting officer in McCray's criminal case is not alleged to have had any involvement in keeping the case open after it was allegedly dismissed, rendering any claim against him implausible. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.). Finally, McCray names Delaware County as a defendant in the caption of the Complaint, but states no facts to assert a municipal liability claim. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) (holding that to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation). Also, because the Delaware County Court of Common Pleas and the Delaware County District Attorney's Office are separate entities from Delaware County, it cannot be liable under § 1983 on this basis either.

8

1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

McCray provides only Pennsylvania addresses for himself and the Defendants. Thus, it appears that diversity jurisdiction is lacking over this action. To the extent that McCray did allege state law claims, they will be dismissed without prejudice, in the event that he can maintain an action in state court.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant McCray leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). McCray's constitutional claims will be dismissed with prejudice because he cannot cure the defects in his time-barred claims. McCray's state-law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Leave to amend will not be given, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order will be entered separately. *See* Fed. R. Civ. P. 58(a).

BY THE COURT:

/s/ Gerald Austin McHugh

**GERALD A. MCHUGH, J.**